IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:17 CR 246 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| -vs- | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| LESTER ENRIQUE CASTANEDA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Lester Castaneda, by his undersigned counsel, submits this sentencing memorandum setting forth the factors to be considered in determining the sentence length that is sufficient but not greater than necessary to satisfy the principles and purposes of federal sentencing. Mr. Castaneda requests a sentence which is proportionate and consistent with 18 U.S.C. Sec. 3553(a).

**I.   INTRODUCTION**

On March 29, 2018, Mr. Castaneda entered into a plea which was agreed upon by the Government and the defense. He accepted responsibility for his role in aggravated identify theft in violation of 18 U.S.C. § 1028(a)(1). This case does not involve a violent crime.

**II.   LEGAL STANDARDS**

Sentencing in this case is governed by 18 U.S.C. § 3553(a). That statute provides that the sentence imposed must be "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. As the Supreme Court recognized in *Kimbrough v. United States*, 552 U.S. 85, 100, 111 (2007), this parsimony provision is the "overarching instruction" of the statute.

Briefly stated, § 3553(a) directs a sentencing court to consider seven factors:

> (1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely, (a) 'just punishment' (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution.

*Rita v. United States*, 551 U.S. 338, 347-48 (2007).

The sentencing guidelines are only advisory and are just one of several factors the court should consider when determining the appropriate sentence. *Kimbrough*, 552 at 90. They are "[t]he starting point and the initial benchmark," *United States v. Gall*, 552 U.S. 38, 50 (2007), and cannot "be *presumed* reasonable," *Nelson v. United States*, 555 U.S. 350, 352 (2009) (emphasis in original). A court should impose the lowest sentence achieving the purposes of sentencing. *Kimbrough*, 552 at 101.

As the Supreme Court reminds us, the central focus is on the individual: "'[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.'" *Pepper v. United States*, 131 S. Ct. 1229, 1240 (2011) (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). Thus, consistent with section 3553(a)'s mandate that a sentence be no greater than necessary, sentencing courts should use their discretion to tailor punishment to "'fit the offender and not merely the crime.'" *Id.* (quoting *Williams* v. *New York*, 337 U.S. 241, 247 (1949)). "A *just* sentence must also be a reasoned sentence and a proportional sentence." Kate Stith & José A. Cabranes, *To Fear Judging No More: Recommendations for the Federal Sentencing Guidelines*, 11 Fed. Sent. R. 187 (1999).

### III. SECTION 3553(a) FACTORS

    **a. History and Characteristics - 18 U.S.C. § 3553(a)(1)**

### i. Family Background

Mr. Castaneda was born and raised in Cuba. His family lived in deep poverty, but were cohesive, happy, and loving. He moved to Miami in 2009 to seek a better life for himself and his family. He maintains a very close relationship with his parents who still live in Cuba. His parents are unemployed and very poor; they rely upon the financial support from Mr. Castaneda and his wife, Ana Cancio, to survive. Mr. Castaneda and Ana also help to financially support Lester's two sons from previous marriage (ages 14 and 10), and Ana's twenty-one-year-old daughter who is currently a student at Broward College.

Lester and Ana live a modest, working class life together in Florida. Ana works as a realtor and Lester is a self-employed contractor. Their love and support for each other has only grown stronger throughout this criminal prosecution and Lester's time on pre-sentence home confinement. Lester is known by his family and friends as a loving, kind, hardworking friend, father, and partner. (Exhibit A, Letters of Support). He is a family man, whose only desire is to stay present for his family and to continue working to support them the best he can. They rely upon not only his emotional support, but also his financial contribution to the family. (Exhibit A).

### b. Time Serve and Conditions of Pretrial Detention

Mr. Castaneda has already served a significant amount of time in relation to this case. He was arrested on May 1, 2017 in Utah and was detained until he was transferred into ICE custody on May 5, 2017 on a detention order, which was later dropped, as a result of the criminal charges. On August 14, 2017, he was brought into U.S Marshall custody and remained detained in Denver and in Ohio until his release on September 14, 2018. He has already spent four and one-half months incarcerated. After his release from custody, Mr. Castaneda was subjected to

electronic monitoring with limited movement until this Court's order on March 29, 2018. Therefore, he has spent a total of almost 11 months incarcerated or on electronic monitoring in relation to his criminal charges.

### c. Nature and Circumstances of Offense - 18 U.S.C. § 3553(a)(1)

#### i. Acceptance of Responsibility

Mr. Castaneda acknowledges that his profoundly misguided choices led to this situation and is most impacted by the effect of his poor decisions on his loved ones – most especially his wife, parents, and children. He pleaded guilty and offered a statement of complete acceptance of responsibility to the probation officer. He is deeply sorry for engaging in this offense.

### d. Deterrence – 18 U.S.C. § 3553(a)(2)(B)

The pre-sentence investigation notes grounds for a variance in that Mr. Castaneda's age and history indicate he is significantly less likely to recidivate. He is 40 years old and has not lived a life of crime. He has only a very minor criminal history – none which involved drugs or violence. His criminal history level is 1.

### e. Incapacitation – 18 U.S.C. § 3553(a)(2)(C)

Mr. Castaneda has never been convicted of a crime of violence and there are no allegations that he resorted to violence to aid his criminal conduct in this case. His true character is demonstrated by a life of dedication to his family, children, friends. Additionally, Mr. Castaneda's conduct during his period of pre-trial conditions demonstrates that the public need not be protected from him. His focus remains on caring for and providing for his family. He has successfully complied with all pre-trial requirements, including communication with his probation officer and traveling to Cleveland to attend all necessary court proceedings. He does not present a danger to society.

## VI. CONCLUSION

18 U.S.C. § 3553(a) directs this Court to impose a sentence that is "sufficient but not greater than necessary to comply with the purposes" of sentencing set forth in section 3553(a)(2). Given the circumstances of the offense, the lack of violence, Mr. Castaneda's family relationships, and acceptance of responsibility, as set forth more fully above, Mr. Castaneda respectfully requests that the Court impose an appropriate, minimal sentence.

Respectfully submitted,

FRIEDMAN & GILBERT

*/s/ Terry H. Gilbert*
TERRY H. GILBERT (0021948)
SARAH GELSOMINO (0084340)
55 Public Square, Suite 1055
Cleveland, OH 44113-1901
Telephone:   (216) 241-1430
Facsimile:   (216) 621-0427
Email:       tgilbert@f-glaw.com
             sgelsomino@f-glaw.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2018 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Terry H. Gilbert
TERRY H. GILBERT
One of the Attorneys for Defendant